Scott P. Shaw, Bar No. 223592
Samuel G. Brooks, Bar No. 272107
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:  (949) 717-3100
SShaw@calljensen.com
SBrooks@calljensen.com

Attorneys for Defendant Zulily, Inc.
erroneously sued as Zulily.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NOA, a business entity of form unknown; WAVE FASHION, INC., a Texas Corporation; ZULILY.COM, a Washington Corporation; HEART & ROSES USA, a business entity of form unknown; and DOES 1-10,<br><br>　　　　　Defendants. | Case No.  15-cv-02637 BRO (AGR)<br><br>**DEFENDANT ZULILY, INC. ERRONEOUSLY SUED AS ZULILY.COM'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:　April 9, 2015<br>Trial Date:　　　　None Set |

Defendant Zulily, Inc. erroneously sued as Zulily.com ("Answering Defendant") hereby answers Plaintiff United Fabric International, Inc.'s Complaint ("Complaint"). Each numbered paragraph in this Answer responds to the allegations in the corresponding numbered paragraph of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. Answering Defendant admits that the causes of action alleged in Plaintiff's complaint arise under the Copyright Act.

2. Answering Defendant admits that this Court has federal question jurisdiction.

3. Answering Defendant denies the allegations.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

5. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

6. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

7. Answering Defendant admits that Zulily, Inc. is a Washington corporation with its principle place of business in Seattle, Washington. Answering Defendant denies the remaining allegations.

8. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

9. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

10. Answering Defendant denies the allegations.

## ANSWER TO ALLEGATIONS REGARDING
## CLAIM RELATED TO SPIKE

11. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

12. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

13. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

14. Answering Defendant denies the allegations.

15. Answering Defendant denies the allegations.

16. Answering Defendant denies the allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Copyright Infringement – Against All Defendants)

17. Answering Defendant repeats and re-alleges the responses contained in the preceding paragraphs to the same extent the Complaint repeats and re-alleges the allegations in the preceding paragraphs.

18. Answering Defendant denies the allegations.

19. Answering Defendant denies the allegations.

20. Answering Defendant denies the allegations.

21. Answering Defendant denies the allegations.

22. Answering Defendant denies the allegations.

23. Answering Defendant denies the allegations.

24. Answering Defendant denies the allegations.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement – Against All Defendants)

25. Answering Defendant repeats and re-alleges the responses contained in the preceding paragraphs to the same extent the Complaint repeats and re-alleges the allegations in the preceding paragraphs.

26. Answering Defendant denies the allegations.

27. Answering Defendant denies the allegations.

28. Answering Defendant denies the allegations.

29. Answering Defendant denies the allegations.

30. Answering Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Answering Defendant alleges the following affirmative defenses based on the facts and information currently in Answering Defendant's possession. Answering Defendant reserves the right to amend this Answer to allege additional defenses after an opportunity for discovery.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each and every claim for relief therein, fails to allege facts sufficient to state a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each and every claim for relief therein, is barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the fact that the copyrighted works referenced in the Complaint are not original works of authorship and thus are not entitled to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the fact that the Plaintiff is not the author of the works of authorship referenced in the Complaint and thus lacks standing to sue.

## FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff's claims are barred by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's claims are barred by its failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendants and Defendants have at all times acted with innocent intent.

## TENTH AFFIRMATIVE DEFENSE

10. Upon information and belief, Plaintiff's claims are barred because Plaintiff has failed to join indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Upon information and belief, Plaintiff's claims are barred and recovery is barred or limited by the doctrine of consent.

## TWELFTH AFFIRMATIVE DEFENSE

12. Upon information and belief, Defendants allege that other persons or entities, the true names and capacities of whom and which Defendants are ignorant,

were in some manner responsible for, or otherwise at fault for the allegations alleged in Plaintiff's Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred or limited by the scenes a faire and/or merger doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Any purported damages sought by the Plaintiff in the form of Defendants' profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringement of the allegedly copyrighted work.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Assuming, arguendo, that the products sold by Answering Defendants contain any elements from Plaintiff's Subject Designs, Plaintiff's claims are barred because those elements are not protectable under copyright law, do not constitute original expression, and/or the use of those elements is de minimis.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred to the extent that Plaintiff engaged in fraudulent conduct, which a reasonable opportunity for discovery may provide evidentiary support.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred in that Plaintiff failed to take reasonable steps to protect its purported intellectual property rights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. To the extent Plaintiff seeks to recover Answering Defendants' profits from downstream sales of allegedly infringing copies, Plaintiff's claims are barred by the first sale doctrine.

### PRAYER FOR RELIEF

Wherefore, Answering Defendant prays for relief as follows:

1. That judgment be entered in favor of Answering Defendant and against Plaintiff;

2. That Answering Defendant be awarded the costs of suit, including reasonable attorney's fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: May 6, 2015

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks


By: */s/Samuel G. Brooks*
     Samuel G. Brooks

Attorneys for Defendant Zulily, Inc. erroneously sued as Zulily.com

## JURY DEMAND

Answering Defendant demands a trial by jury on all issues so triable.

Dated:  May 6, 2015               CALL & JENSEN
                                  A Professional Corporation
                                  Scott P. Shaw
                                  Samuel G. Brooks


                                  By:   */s/Samuel G. Brooks*
                                        Samuel G. Brooks

                                  Attorneys for Defendant Zulily, Inc. erroneously sued as Zulily.com